UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA LYNN FOWLER,

    Plaintiff,                                              Case No. 09-14342

v.                                                              District Judge Victoria A. Roberts

COMMISSIONER OF                                 Magistrate Judge Michael Hluchaniuk
SOCIAL SECURITY,

    Defendant.

## ORDER

**I.     INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary Judgment. Magistrate Judge Michael Hluchaniuk recommends that the Court GRANT Defendant's motion and DENY Plaintiff's motion.

The Court **DECLINES TO ADOPT** the Magistrate's recommendation.

**II.    PROCEDURAL HISTORY AND FACTS**

Magistrate Hluchaniuk sufficiently summarizes the relevant facts and procedural history. His summary is incorporated by reference.

**III.   STANDARD OF REVIEW**

This Court must review the Administrative Law Judge's (ALJ) decision to decide if it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y*, 889 F.2d

1

679, 681 (6th Cir. 1989) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Serv.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard is deferential, and presupposes a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Accordingly, if the Commissioner's determination is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed issues of fact differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In reviewing the Commissioner's decision, the Court may consider only the record that was before the ALJ, and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id*.

## IV.    ARGUMENTS

The Social Security Administration uses a five step analysis to determine whether a claimant is eligible for benefits. The claimant must establish that: 1) she is not presently engaged in gainful employment; 2) she suffers from an impairment or combination of impairments that is severe; and 3) the impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant meets her burden at step three, she establishes eligibility. If the claimant does not, she may still show her eligibility at step four by proving she did not have the "residual functional capacity" (RFC) to perform past work. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If she has the

RFC to perform past relevant work, the claimant is not disabled.

If the claimant satisfies her burden at the fourth step by showing she does not have the RFC to perform past relevant work, the burden shifts to the Commissioner at the fifth step to show there is other work available in the economy that the claimant can perform. 20 C.F.R. 404.1520(g). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y*, 820 F.2d 777, 779 (6th Cir. 1987).

### A. Plaintiff's Claims

On April 17, 2006, Plaintiff Laura Lynn Fowler filed an application for disability benefits, claiming that she became unable to work on October 3, 2005. Plaintiff claims to suffer from chronic lower back and hip pain, numbness, and dizzy spells. Plaintiff's past relevant work includes grocery store clerk and cashier. Tr. 135.

Plaintiff lives with her husband, her five year old daughter, and her mother in a two bedroom mobile home. Her husband and mother clean their home, and on her "good days," Plaintiff helps if she can. On her "bad days," she cannot get out of bed and can barely walk. Tr. 32. She testified that she has approximately five bad days per week. Plaintiff says that on a good day, she could get in and out of the shower with her husband's help, and sit on the couch with a cup of tea. On her bad days, she is so fatigued that she cannot stay awake during the day. On those days, her mother takes care of the household. Tr. 35.

Plaintiff testified that on a typical day, she gets up early and puts any dirty dishes on the counters into the sink. She also feeds her two rats, guinea pig, and goldfish.

3

She packs her daughter's lunch and gym shoes, and sees her daughter off to the school bus at 7:20 am.  Once her daughter is gone, she lies down for a one hour or one and one half hour nap. Tr. 33-34.

Plaintiff testified that she has trouble sleeping at night because of the pain in her back and legs.  She says that she tosses and turns all night, and sometimes lays on the couch so that she does not wake her husband.  Tr. 34.  Plaintiff testified that both standing and sitting are difficult, and she can do neither for very long. Tr. 37.

Plaintiff testified that she takes prescription medications for pain and depression. Tr. 35-36.  They make her dizzy. Tr. 38.  Plaintiff also receives Cortisone injections in her hips, shoulders, and back to relieve pain. Tr. 37.

Plaintiff testified that she has not been referred to any mental health specialists, but believes that seeing a psychologist or psychiatrist might be helpful to her. Tr. 35. She says it is hard for her to deal with her pain both physically and emotionally, and she has trouble coming to terms with her physical limitations. Tr. 36.

Plaintiff worked part time as a cashier during the 2006-2007 holiday season. Tr. 29.  Although she was only offered part time hours, she testified that she could not have worked full time because of the pain in her legs and back. Tr. 37.  She also testified that the full time work would have been too stressful, and that stress causes her to have strokes.  She said she suffered two strokes in 2008, which left the left side of her face numb. Tr. 37-38.

### B.   Magistrate's Recommendation

The ALJ found that Plaintiff's degenerative disc disease, degenerative joint disease of the hips, and obesity were "severe" impairments within the meaning of the

Regulations. Nevertheless, the ALJ found that Plaintiff's impairments were not "severe" enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P.

The ALJ determined that Plaintiff retains the RFC to perform a reduce range of sedentary work as defined in 20 C.F.R. § 416.967(a). The ALJ found that Plaintiff could: lift up to 20 pounds occasionally and 10 pounds frequently; occasionally bend; stand or walk for a total of 2 hours in an 8 hour day. However, the ALJ determined that Plaintiff could not perform her past relevant work. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and decided that a significant number of jobs exist in the national economy that Plaintiff can perform. Although the ALJ found that Plaintiff could not perform the full range of sedentary work, she relied on the testimony of a VE to determine that Plaintiff is able to perform unskilled sedentary jobs like information clerk (89,000 jobs in national economy), machine operator (68,000 in national economy), and order checker (89,000 in national economy). Therefore, the ALJ found Plaintiff was not disabled.

The Magistrate recommends that the Court uphold the ALJ's decision. He says that although the ALJ incorrectly summarized a May 2006 nerve conduction study, this error was harmless. Additionally, the Magistrate says that the ALJ's decision that Plaintiff's complaints of pain were not fully credible is supported by substantial evidence.

**C.     Plaintiff's Objections**

Plaintiff contends that her pain is so severe that it is disabling. Plaintiff says that the ALJ failed to properly consider medical evidence from Dr. Gause that confirms the severity of her symptoms. The Plaintiff also says that the ALJ improperly discounted her

5

credibility in considering her complaints of pain. Furthermore, Plaintiff says that because the ALJ failed to properly assess her complaints of pain, the ALJ posed an inaccurate hypothetical to the VE.

The Commissioner responds to Plaintiff's objections by relying upon its original brief.

### D. Analysis

The Sixth Circuit established a two prong test to evaluate complaints of disabling pain. *Duncan v. Sec. of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986). First, the Court must determine whether there is objective medical evidence of an underlying medical condition. Second, the Court must determine "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Duncan,* 801 F.2d at 853.

Here, the ALJ correctly concluded that there is objective medical evidence of Plaintiff's degenerative disc disease, degenerative joint disease of the hips, and obesity to support Plaintiff's claim for disability.

Since there is objective medical evidence underlying the medical condition, the Court must determine "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Duncan,* 801 F.3d at 853.

The ALJ found that the intensity, persistence and limiting effects of Plaintiff's

6

symptoms were not as severe as she alleged, and that her pain did not preclude her from performing work at the level specified in the RFC assessment.

Plaintiff contends that her subjective complaints were supported by evidence from Dr. Gause, a consultative medical examiner. Plaintiff says that the ALJ relied on the parts of Dr. Gause's reports which support the ALJ, but failed to discuss Dr. Gause's: (1) positive straight leg raising test at 25 degrees on the right and 45 degrees on the left; (2) findings of reduced flexation in the lumbar spine and hips; (3) opinion that her back condition might "lend itself to surgical treatment;" (4) opinion that the exam strongly suggested degenerative disc disease of the lumbar spine with secondary sciatica; and (5) opinion that the exam suggested that lifting, bending and other activities that involve the lumbar spine are extremely limited. Tr. 261-262. Plaintiff says this is objective medical evidence confirming the severity of Plaintiff's symptoms, and showing that the medical condition is severe enough that it could reasonably be expected to produce disabling symptoms.

While the ALJ did not explicitly refer to this evidence in his decision, the ALJ found that Plaintiff had severe impairments of degenerative disc disease and degenerative joint disease of the hips, and was limited to a reduced range of sedentary work with occasional bending. These findings were consistent with Dr. Gause's report. Importantly, even with his findings, Dr. Gause does not state that Plaintiff's condition was so severe it produced disabling pain.

Plaintiff's primary evidence that her pain is disabling is her own testimony, which the ALJ found only partially credible because the record did not corroborate the severity of her complaints. Plaintiff contends that the ALJ's credibility determination was

improper. The Court agrees.

When there is not sufficient objective medical evidence to support the severity of subjective symptoms like pain, the ALJ must make a credibility determination. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). The ALJ's credibility determination must be supported by substantial evidence, but the ALJ is not required to credit a Plaintiff's subjective complaints of pain. *Jones,* 336 F.3d at 477; *Duncan,* 801 F.2d at 852 ("determinations of credibility related to subjective complaints of pain rest with the ALJ"). "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters,* 127 F.3d at 531. However, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Therefore, review is limited to whether the ALJ's reasons for partially discrediting Plaintiff's testimony are reasonable and supported by substantial evidence. *Id.*

Plaintiff relies on *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994), for the proposition that an ALJ must consider the factors listed in 20 C.F.R. § 404.1529(c)(3) when evaluating a claimant's complaints of pain. These factors include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain, (5) treatment, other than medication, that the claimant received for relief of pain, (6) any measures the claimant has used to relieve pain, and (7) other factors

concerning functional limitations and restrictions due to pain. 20 C.F.R. § 404.1529(c)(3).

However, as post-*Felisky* cases have made clear, *Felisky* "did not mandate that the ALJ undergo such an extensive analysis in every decision. Rather, [it] held that where the medical record does not contain objective evidence to support pain allegations, such allegations may not be dismissed without review of non-medical factors." *Bowman v. Chater,* 132 F.3d 32 (6th Cir. 1997). This is consistent with agency regulations, which state: "[the Commissioner] will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2). Despite this directive to consider non-medical factors, the ALJ's decision that Plaintiff's claims of pain are "not as severe or limiting as alleged" and "not credible to the extent they are inconsistent with the above residual functional capacity assessment," appears to be predicated solely upon the lack of objective medical evidence of severity.

Although the ALJ stated that she considered "all of the documentary evidence of record, in conjunction with the claimant's testimony," the ALJ's narrative belies this statement. Indeed, it appears that the ALJ relied solely on an assessment of Plaintiff's medical evidence. This is improper. *Compare Felisky,* 35 F.3d at 1027 (reversing ALJ's credibility determination where ALJ failed to consider non-medical factors), *with Johnson v. Comm'r of Soc. Sec.,* 210 F.3d 372 (6th Cir. 2000) (upholding ALJ's determination where ALJ provided detailed analysis of medical evidence, daily activities, medication and pain management, and appearance at hearing), *and Walters,* 127 F.3d

at 531-32 (upholding ALJ's determination where ALJ considered medical evidence and Plaintiff's household and social activities).

The ALJ did not point to any statements from Plaintiff's doctors that her complaints were not credible, or that her symptoms were less severe than she described. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003) (doctor noted Plaintiff's complaints to be "less than credible"). The ALJ did not identify any internal inconsistencies in Plaintiff's own statements or allegations. *See id.* Although the ALJ mentioned that she considered Plaintiff's husband's report, she did not make any findings that Plaintiff's husband's descriptions of Plaintiff's pain and abilities conflicted with Plaintiff's testimony or allegations. Indeed, it appears his report supports Plaintiff's testimony.

Furthermore, it is not clear that the ALJ considered *any* of the factors identified in *Felisky* and 20 C.F.R. § 404.1529(c)(3). For example, the ALJ does not discuss Plaintiff's daily activities, the types and dosages of medications she takes for pain, or her referral to a pain clinic. While the Commissioner relies on some of this information to persuade the Court that the ALJ's determination is supported by substantial evidence, the ALJ does not appear to consider it all.

While the ALJ is not required to detail all of her reasons for only partially crediting Plaintiff's claims, she cannot rely solely on the lack of objective medical evidence to support the severity of symptoms, without review of any non-medical factors. The ALJ did not clearly identify adequate reasons for partially discrediting Plaintiff's claims of disabling pain; the ALJ's analysis is incomplete, and is not supported by substantial evidence.

**VI.   CONCLUSION**

The Court DECLINES TO ADOPT the Magistrate's recommendation. Defendant's motion is **DENIED**; Plaintiff's motion is **GRANTED** to the extent that it seeks remand.

This matter is **REMANDED** to the Commissioner to fully evaluate Plaintiff's credibility, and to determine whether Plaintiff has the RFC to perform work in the national economy.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 30, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 30, 2011.

s/Carol A. Pinegar
Deputy Clerk